UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>    Plaintiff<br><br>v.<br><br>**PHASE 2 INVESTMENTS, INC., ET AL.,**<br><br>    Defendants | **Civil Action No.: 1:17-CV-02463-JKB** |

### DEFENDANT PHASE 2 INVESTMENTS, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AS TO FIRST AMENDED COMPLAINT

Defendant Phase 2 Investments, Inc., ("Phase 2"), by its undersigned counsel, moves pursuant to Federal Rule 12 to dismiss the First Amended Complaint. Alternatively, Defendant Phase 2 moves pursuant to Federal 56 for summary judgment as to the Plaintiff's First Amended Complaint. In support of this motion, Defendant Phase 2 states:

1.	All of the individuals identified in the EEOC's First Amended Complaint are illegal, undocumented workers who were not authorized to work in the United States. As a result, they were not "qualified" for employment, have no cause of action and are not entitled to any remedies under Title VII. *Egbuna v. Time Life Libraries, Inc.*, 153 F.3d 184 (4th Cir. 1998). As a result, the First Amended Complaint, which purports to set forth claims for Hostile Work Environment (Count I), and "Inferior Economic Terms and Conditions of Employment" (Count II) pursuant to Title VII, and claims monetary damages and equitable relief under Title VII, must

be dismissed, or in the alternative Defendant Phase 2 is entitled to summary judgment on those claims.

2.     The First Amended Complaint must be dismissed, or in the alternative, Defendant Phase 2 is entitled to summary judgment, as the vast majority of the "claims" described in the First Amended Complaint are barred by the statute of limitations.

3.     The First Amended Complaint must be dismissed, or alternatively Defendant Phase 2 is entitled to summary judgment, as the vast majority of the "claims" set forth in the First Amended Complaint were never raised in the Charges of Discrimination filed by the nine (9) Charging Parties identified in the First Amended Complaint, and must be dismissed for failure to exhaust administrative remedies.

4.     Defendant Phase 2 incorporates by reference herein as if fully set forth herein the attached Memorandum of Law, Affidavits and Exhibits as if fully set forth herein.

WHEREFORE, Defendant Phase 2 respectfully requests that this Court enter an Order granting Defendant Phase 2's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

Respectfully submitted,

| | |
|---|---|
| */s/John S. Vander Woude* | */s/ Jeffrey T. Johnson* |
| John S. Vander Woude (04882) | Jeffrey T. Johnson (19876) |
| ECCLESTON & WOLF, P.C. | ECCLESTON & WOLF, P.C. |
| Baltimore-Washington Law Center | Baltimore-Washington Law Center |
| 7240 Parkway Drive, 4th Floor | 7240 Parkway Drive, 4th Floor |
| Hanover, MD 21076-1378 | Hanover, MD 21076-1378 |
| (410) 752-7474 (phone) | (410) 752-7474 (phone) |
| (410) 752-0611 (fax) | (410) 752-0611 (fax) |
| E-mail: vanderwoude@ewmd.com | jjohnson@ewmd.com |
| *Attorney for Defendant* | *Attorney for Defendant* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of October, 2017, copies of the foregoing was served electronically on:

>Debra M. Lawrence
>Regional Attorney
>
>Maria Salacuse (15562)
>Supervisory Trial Attorney
>
>Amber Trzinski Fox
>Trial Attorney
>
>Kevin M. Kraham, Esquire
>Littler Mendelson
>815 Connecticut Avenue, NW, Suite 400
>Washington, DC  20006

>*/s/John S. Vander Woude*
>John S. Vander Woude (04882)