**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    Civil Action No. 1:17-cv-02463-JKB <br> : |
| PHASE 2 INVESTMENTS INC. f/k/a MARITIME AUTOWASH, INC. AND MARITIME AUTOWASH, II, | : <br> : <br> : <br> : |
| and | : <br> : |
| CWP WEST CORP. T/A MISTER CAR WASH, | : <br> : <br> : |
| Defendants. | : <br> : |
| CWP WEST CORP. d/b/a MISTER CAR WASH, | : <br> : <br> : |
| Defendant/Third-Party Plaintiff, | : <br> : <br> : |
| v. | : <br> : |
| DAVID PODROG, | : <br> : |
| Third-Party Defendant. | : <br> : <br> : |

**CWP WEST CORP. D/B/A MISTER CAR WASH'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT DAVID PODROG'S
<u>MOTION TO DISMISS</u>**

COZEN O'CONNOR<br>
Hugh J. Marbury (Bar No. 24653)<br>
Armeen F. Mistry (Bar No. 20323)<br>
1200 Nineteenth Street, NW<br>
Suite 300<br>
Washington, DC 20036<br>
Tel:  (202) 747-0781<br>
Fax:  (202) 559-7715<br>
hmarbury@cozen.com<br>
amistry@cozen.com

## INTRODUCTION

In his motion to dismiss the Third-Party Complaint filed by CWP West Corp. d/b/a Mister Car Wash ("Mister"), David Podrog ("Podrog") largely adopts the arguments Phase 2 Investments, Inc. ("Phase 2") made in response to Mister's Crossclaim, and which Mister has already opposed. Unless otherwise stated, Mister incorporates herein the Introduction, Factual Allegations, and Argument set forth in its Memorandum of Law in Opposition to Phase 2's Motion to Dismiss (ECF #67).

The only difference between Phase 2's Motion to Dismiss and Podrog's Motion to Dismiss is a single paragraph. Without citing any legal authority for his position, Podrog contends that Mister's claims are time barred. Podrog's argument fails for three reasons. First, Podrog signed the October 2015 Settlement Agreement personally, thereby affirming his obligation to indemnify Mister. (ECF #51 ("Third-Party Complaint"), Ex. B.) Second, the very language that Podrog cites in the Asset Purchase Agreement (the "Agreement") disproves his argument. Section 8.2(d) of the Agreement states in part that "any **claim noted** after that date against Podrog individually shall be null and void under any and all circumstances." (ECF #23-5, § 8.2(d), emphasis added.) Mister noticed its claim in July 2015, well within the two-year window. (Third-Party Complaint, ¶ 36, Ex. A at 2.) Third, Section 8.2(d) excludes fraud claims. (ECF #23-5, § 8.2(d).) The claims against Podrog are not time barred.

In addition to his time barred argument and re-incorporating Phase 2's *Colorado River* abstention argument, Podrog—without establishing any legal standard for doing so—repeats Phase 2's quasi-Rule 12(b)(6) motion regarding the legal sufficiency of Mister's claims. As Mister has established (*see* ECF #67), Podrog—as one of the Sellers[1]—is liable for his conduct. Mister

---

[1] Sellers are Phase 2 Investments Inc., as successor in interest to Maritime Autowash, Inc. and Maritime Autowash II, Inc., and Podrog Maritime Investments, LLC, Podrog Maritime Investments II, LLC, and David Podrog.

can prove that Sellers, including Podrog, owed Mister numerous contractual obligations pursuant to the Agreement and that Sellers breached those obligations. For these reasons and as discussed below, Mister respectfully requests the Court deny Podrog's Motion to Dismiss.

## FACTUAL ALLEGATIONS

Mister incorporates the Factual Allegations set forth in its opposition to Phase 2's Motion to Dismiss. (*See* ECF #67.)

## ARGUMENT

Mister incorporates the Argument set forth in its opposition to Phase 2's Motion to Dismiss (*see* ECF #67) with the following additions.

**A.     The *Colorado River* Doctrine Weighs Strongly Against Abstention.**

Just like Phase 2, Podrog contends that the *Colorado River* abstention doctrine mandates the Court abstain from ruling on Mister's Third-Party Complaint. (ECF #66 at 2.) The same analysis applied to Mister's Crossclaim (*see* ECF #67 at 10-16) also applies to Mister's Third-Party Complaint, and under this analysis, Podrog's Motion to Dismiss fails. First, the cases are not parallel. Second, each of the factors identified in *Colorado River* and *Moses H. Cone* to establish whether "exceptional circumstances" exist to warrant abstention weigh against the Court's abstention on Mister's Third-Party Complaint.[2] Mister respectfully requests the Court embrace its "virtually unflagging obligation to exercise the jurisdiction given them" and deny Podrog's request for abstention. *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d

---

[2] As Mister set forth in its opposition to Phase 2's Motion to Dismiss (ECF #67), the six factors are (1) whether the subject matter of the litigation involves property over which one court may exercise in rem jurisdiction; (2) whether the federal forum is inconvenient; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights. *Gannett Co. v. Clark Constr. Grp., Inc.*, 286 F.3d 737, 741 (4th Cir. 2002). Each of these factors weighs against abstention.

1072, 1073 (4th Cir. 1991) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)).

**B.**     **Podrog's Contention that He Cannot Be Individually Liable is Belied by the Claim Notice Attached to Mister's Third-Party Complaint.**

Podrog next argues that he is not liable in his individual capacity because his contractual exposure under the Agreement has expired. (ECF #66 at 3.) But Podrog signed the October 2015 Settlement Agreement personally, thereby affirming his obligation to indemnify Mister. (Third-Party Complaint, Ex. B.) Additionally, the very language Podrog cites in the Agreement disproves his argument. Section 8.2(d) of the Agreement states in part that "any **claim noted** after that date against Podrog shall be null and void under any and all circumstances." (ECF #23-5, § 8.2(d), emphasis added.) Without providing any authority for doing so, Podrog cites this language for the proposition that "any claims against Mr. Podrog personally are time barred." (ECF #66 at 2.) However, this two year requirement applies to claim *notices*. In this case, Mister noticed the claim in July 2015, just six months after execution of the Agreement and well within the two-year window. (Third-Party Complaint, ¶ 36, Ex. A at 2.) Moreover, Section 8.2(d) explicitly excludes fraud claims. (ECF #23-5, § 8.2(d).) The claims against Podrog are not time barred.

**C.**     **To the Extent Podrog's Motion to Dismiss Asserts Rule 12(b)(6), Mister Has Adequately Pled Claims Upon which Relief Can Be Granted.**

Although Podrog notes his Motion to Dismiss is pursuant to Rule 12(b)(1) (*see* ECF #66 at 1), Podrog spends the majority of his Motion to Dismiss arguing a quasi-Rule 12(b)(6) analysis of why Mister's Third-Party Complaint fails to state a claim upon which relief can be granted. (ECF #66 at 3-11.) Podrog's brief repeats almost verbatim Phase 2's arguments on this issue and just as Phase 2 failed to establish any deficiencies in Mister's Counterclaim, Podrog has failed to establish any deficiencies in Mister's Third-Party Complaint. Mister respectfully refers the Court

to its analysis on pp. 16-22 of its opposition to Phase 2's Counterclaim (ECF #67), which demonstrates precisely how Mister's claims more than survive a motion to dismiss challenge.

**D.     Mister's Third-Party Complaint Meets Rule 14's Requirements.**

Finally, Podrog—again, without citing to any case law—erroneously argues that Mister's Third-Party Complaint fails under Rule 14 of the Federal Rules of Civil Procedure. (ECF #66 at 11-12.) Rule 14(a)(3) allows Mister to "assert against [Podrog] any claim arising out of the transaction or occurrence that is the subject matter of the [EEOC's] claim against [Mister]." As Rule 14 requires, Mister's Third-Party Complaint "arises out of" the EEOC's claims. Mister is only in this action because the EEOC alleges successor liability. *See* ECF #45 at 13 ("The EEOC has named Mister as a Defendant under the theory that it is a successor to Maritime for purposes of liability under Title VII, and thus the injury – Maritime's alleged violation of Title VII – is fairly traceable to Mister.").

Black's Law Dictionary defines "arise" as "to result (from)." *Black's Law Dictionary* (10th ed. 2014), *available at* Westlaw BLACKS. This is precisely the situation here. Mister's Third-Party Complaint regarding indemnity results from its alleged successor liability in the EEOC's claims. In fact, Mister's Third-Party Complaint is fully dependent on this underlying litigation. *Id.* (defining "dependent" as "rel[ying] on another for support; one not able to exist or sustain oneself without the power or aid of someone else."). Without the underlying EEOC claims, Mister would have no need to pursue its indemnity claims against Phase 2 or Podrog. Just as Mister's Crossclaim survives a Rule 13 analysis, Mister's Third-Party Complaint survives a Rule 14 analysis.

## CONCLUSION

For all the foregoing reasons as well as those set forth in its opposition to Phase 2's Motion to Dismiss, CWP West Corp. d/b/a Mister Car Wash respectfully requests the Court deny David Podrog's Motion to Dismiss.

        Respectfully submitted,

        COZEN O'CONNOR

By:   /s/ Hugh J. Marbury
       Hugh J. Marbury (Bar No. 24653)
       Armeen F. Mistry (Bar No. 20323)
       1200 Nineteenth Street, NW
       Suite 300
       Washington, DC 20036
       Tel: (202) 747-0781
       Fax: (202) 559-7715
       hmarbury@cozen.com
       amistry@cozen.com

*Attorneys for CWP West Corp. d/b/a Mister Car Wash*

Dated: June 25, 2018

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing document was electronically filed on this 25th day of June, 2018, with the Clerk of Court using the CM/ECF System, which shall give notice of the electronic filing to and serve all counsel of record.

                                        COZEN O'CONNOR, P.C.

                By:    /s/ Hugh J. Marbury
                          Hugh J. Marbury